**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
**FERNANDO PÉREZ-LÓPEZ**,
*individually and on behalf of others similarly situated*,

                       *Plaintiff*,

                 -against-

**A BETTER CHOICE CLEANING COMPANY CORP.; A BETTER CHOICE OF CLEANING CORP.; and NAUM LANDAVERDE**,

                       *Defendants.*
---------------------------------------------------------------X

Civil Action No. 20-cv-3773

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

Plaintiff FERNANDO PÉREZ-LÓPEZ (hereinafter "Plaintiff Lopez" or "Mr. Lopez"), individually and on behalf of others similarly situated, by and through his attorneys, Franklin, Gringer & Cohen, P.C. upon his knowledge and belief, and as against A BETTER CHOICE CLEANING COMPANY CORP.; A BETTER CHOICE OF CLEANING CORP. (hereinafter "Defendant Corporations"); and NAUM LANDAVERDE (hereinafter "Defendant Landaverde") (collectively "Defendants"), alleges as follows:

## NATURE OF ACTION

1.    Plaintiff Lopez alleges that Defendants violated the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and that he is entitled to recover from Defendants: (a) unpaid minimum wage compensation, (b) unpaid overtime compensation, (c) liquidated damages, (d) pre-judgement and post-judgment interest, and (e) attorneys' fees and costs.

2.    Plaintiff Lopez also alleges that pursuant to the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), he is entitled to recover from Defendants: (a) unpaid minimum

1

wage compensation, (b) overtime compensation, (c) spread of hours pay, (d) liquidated damages and civil penalties, (e) penalties pursuant to the New York State Wage Theft Prevention Act, (f) pre-judgement and post-judgment interest, and (f) attorneys' fees and costs.

3. Plaintiff Lopez also seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

4. Additionally, Plaintiff Lopez seeks injunctive relief and declaratory relief, as well as monetary and punitive damages based upon Defendants' violations of New York State Human Rights Law, New York Executive §290, et. seq. ("NYSHRL").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C § 1367 (a).

6. Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district. Further, Plaintiff Lopez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

7. Plaintiff Lopez is an adult individual residing in Nassau County, New York.

8. Plaintiff Lopez was employed by Defendants either individually and/or jointly from approximately February 2018 until on or about February 29, 2020.

9. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e), NYLL § 190(2) and NYSHRL § 292(6).

10. Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class or similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

11. At all relevant times, Defendants owned and/or operated a cleaning service company located at 49 Cornell Dr., Great Neck, New York 11020 under the name "A Better Choice of Cleaning Corp."

12. Upon information and belief, Defendant A BETTER CHOICE CLEANING COMPANY CORP. (hereinafter "Cleaning Company") (d/b/a A Better Choice of Cleaning Corp.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains an address for service of process at PO Box 231022, Great Neck, New York 11023.

13. Upon information and belief, Defendant A BETTER CHOICE OF CLEANING CORP. (hereinafter "Cleaning Corp.") is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains an address at 49 Cornell Dr., Great Neck, New York 11020.

14. At all relevant times, Defendants employed four or more employees.

15. Defendant Naum Landaverde (hereinafter "Landaverde") is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Landaverde is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations and as an individual employer of Plaintiff. Defendant Landaverde

possessed and possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determined and determines the wages and compensation of the employees of Defendants, including Plaintiff Lopez, establishes the scheduled of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

16. Corporate Defendants operate a commercial cleaning service with its main office in Great Neck, New York and service customers in Long Island, Queens, and Manhattan, New York.

17. Individual Defendant, Naum Landaverde, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

18. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

19. Each Defendant possessed substantial control over Plaintiff Lopez (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Lopez, and all similarly situated individuals, referred to herein.

20. Defendants jointly and individually employed Plaintiff Lopez (and all similarly situated employees) and are Plaintiff Lopez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.,* NYLL and NYSHRL.

21. In the alternative, Defendants constitute a single employer of Plaintiff Lopez and/or similarly situated individuals.

22. Upon information and belief, Individual Defendant Landaverde operated Defendant Corporations as either an alter ego of himself and/or fails to operate Defendant Corporations as an entity legally separate and apart from himself, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

    e) operating Defendant Corporations for his own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of his own with Defendant Corporations,

    g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

23. At all relevant times, Defendants were Plaintiff Lopez's employers within the meaning of the FLSA, New York Labor Law and NYSHRL. Defendants had the power to hire and fire Plaintiff Lopez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Lopez's services.

24. In each year from 2018 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

25. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used to provide cleaning services were produced outside of the State of New York.

*Plaintiff*

26. Plaintiff Lopez is a former employee of Defendants who was employed as a cleaner.

27. Plaintiff's job duties included general cleaning, vacuuming and mopping at several different commercial offices each day.

28. Plaintiff Lopez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

29. Plaintiff Lopez was employed by Defendants from approximately February 2018 until on or about February 29, 2020.

30. Plaintiff Lopez regularly handled goods in interstate commerce, such as a cleaning supplies and materials produced outside the State of New York.

31. Plaintiff Lopez's work duties required neither discretion nor independent judgment.

32. Throughout his employment with Defendants, Plaintiff Lopez regularly worked in excess of 40 hours per week.

33. From approximately February 2018 until on or about February 29, 2020, Plaintiff Lopez worked from approximately 7:00a.m. until on or about 6:00 p.m., 6 days a week from Monday through Saturday (typically 66 hours per week).

34. Throughout his employment, Defendants paid Plaintiff Lopez his wages by cash and checks made payable to cash.

35. From approximately February 2018 until on or about February 2019, Defendants paid Plaintiff Lopez at an hourly rate of $15.

36. From approximately February 2019 until on or about February 29, 2020, Defendants paid Plaintiff Lopez at an hourly rate of $16.

37. Plaintiff Lopez did not receive pay for the time it took him to travel from one cleaning location to another. He was only paid for time spent cleaning.

38. Plaintiff Lopez did not receive time and one half for time worked over 40 hours in one week, he was paid straight time for all hours spent cleaning.

39. For example, Defendants required Plaintiff Lopez to work 66 hours during the week of January 13, 2020 and he was paid straight time only at a rate of $16 an hour, for hours spent cleaning. He was not paid for the time it took him to travel between the four or five different cleaning locations each day. Defendants did not pay him overtime for the hours worked over 40 in one week.

40. The start of Plaintiff's daily shift until the end of his shift was 10 hours or more. Plaintiff did not receive spread of hours pay on any days where the start to the end of his shift spanned 10 hours or more.

41. Defendants never granted Plaintiff Lopez any breaks or meal periods of any kind.

42. Plaintiff Lopez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

43. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

44. Defendants did not provide Plaintiff Lopez an accurate statement of wages, as required by NYLL 195(3).

45. Defendants did not give any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

46. In or around February 29, 2020, Plaintiff did not feel well and had a fever so he went to his doctor.

47. When he felt better the following day, he contacted Defendant Landaverde to let him know he could return to work.

48. Thereafter, rather than return Plaintiff to his job, Defendant Landaverde informed Plaintiff that there was no work for him.

49. Plaintiff Lopez attempted to contact Defendant Landaverde regarding being put back on the schedule, but Defendant Landaverde refused to answer Plaintiff's phone calls.

50. Defendant Landaverde never called Plaintiff and Plaintiff never received any communication from Defendants about returning to work.

51. As a result, Plaintiff was terminated from his position on or about February 29, 2020.

*Defendants' General Employment Practices*

52. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lopez (and all similarly situated employees) to work in excess of 40 hours a

week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

53. Plaintiff Lopez was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia,* not paying him the wages he was owed for the hours he worked.

54. Defendants' pay practices resulted in Plaintiff Lopez not receiving payment for all his hours worked and resulted in Plaintiff Lopez effective rate of pay falling below the required minimum wage rate.

55. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lopez (and all similarly situated employees) to work shifts which were 10 hours or more in a day without paying him appropriate spread of hours compensation as required by NYLL.

56. Plaintiff Lopez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia,* not paying him the wages he was owed for the hours he worked.

57. Defendants' pay practices resulted in Plaintiff Lopez not receiving overtime pay and spread of hours.

58. Defendants habitually required Plaintiff Lopez to work without provided meal breaks.

59. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

60. Defendants paid Plaintiff Lopez his wages by cash and checks made payable to cash.

61. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Lopez (and similarly situated individuals) worked, and to avoid paying Plaintiff Lopez minimum wage, overtime and spread of hours pay.

63. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Lopez and other similarly situated former workers.

65. Defendants failed to provide Plaintiff Lopez and other employees with accurate wage statements at the time of their payment of wages, containing; the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66. Defendants failed to provide Plaintiff Lopez and other employees, at the time of hiring or before a change in pay, a statement in English or the employees' primary language,

containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67. Plaintiff Lopez brings his FLSA overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class Period").

68. At all relevant times, Plaintiff Lopez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

69. The claims of Plaintiff Lopez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

70. Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff Lopez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Lopez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

72. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74. Defendants failed to pay Plaintiff Lopez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

75. Defendants' failure to pay Plaintiff Lopez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255(a).

76. Plaintiff Lopez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77. Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiff Lopez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79. Defendants' failure to pay Plaintiff Lopez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

80. Plaintiff Lopez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

81. Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

82. At all times relevant to this action, Defendants were Plaintiff Lopez's employers within the meaning of the N.Y. Lab. Law §§2 and 651. Defendants had the power to hire and fire Plaintiff Lopez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

83. Defendants, in violation of NYLL §652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Lopez less than the minimum wage.

84. Defendants' failure to pay Plaintiff Lopez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff Lopez was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

86. Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants, in violation of N.Y. Lab. Law §190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Lopez overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88. Defendants' failure to pay Plaintiff Lopez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89. Plaintiff Lopez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

90. Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

91. Defendants failed to pay Plaintiff Lopez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Lopez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

92. Defendants' failure to pay Plaintiff Lopez an additional hour's pay for each day Plaintiff Esquivel's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

93. Plaintiff Lopez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

94. Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

95. Defendants failed to provide Plaintiff Lopez with a written notice, in English or in Spanish (Plaintiff Lopez's primary language), containing; the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary , piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

96. Defendants are liable to Plaintiff Lopez in the amount of $5,000, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

97. Plaintiff Lopez repeats and realleges all paragraphs above as though fully set forth herein.

98. With each payment of wages, Defendants failed to provide Plaintiff Lopez with an accurate statement listing each of the following; the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

99. Defendants are liable to Plaintiff Lopez in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF THE NYSHRL (ON BEHALF OF PLAINTIFF INDIVIDUALLY)

100. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

101. Plaintiff had a disability as defined by NYSHRL § 292 (21) and notified Defendants of his disability.

102. Notwithstanding Plaintiff's physical disability, Plaintiff was able and willing to perform the essential functions of his previously held position.

103. Defendants discriminated against Plaintiff on the basis of his actual or perceived disability in violation of NYSHRL § 296, by Defendant engaging in a course of conduct which included wrongfully terminating Plaintiff's employment because of his disability or perceived disability all the while giving Plaintiff no reason for the termination.

104. The temporal proximity between the Plaintiff's return from seeking medical attention and the date Defendant terminated raises an inference of discrimination.

105. As a proximate result of Defendants; willfully discriminatory actions, Plaintiff suffered and continues to suffer substantial loss of earnings, and other related employment benefits he enjoyed while employed.

106. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief and in an award of compensatory damages in an amount to be determined at trial.

107. Defendants willfully violated Plaintiff's rights; therefore, punitive damages should be awarded to deter similar unlawful acts by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lopez respectfully requests that this Court enter judgment against Defendants by:

(a)   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)   Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lopez and the FLSA Class members;

(c)   Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Lopez's and the FLSA Class members' compensation, hours, wages and any deductions or credits taken against wages;

(d)   Declaring that defendants' violations of the provisions of the FLSA were willful as to Plaintiff Lopez and the FLSA Class members;

(e)   Awarding Plaintiff Lopez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b).

(f)   Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lopez;

(g)   Declaring that Defendants violated the spread of hours provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lopez;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Lopez's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Lopez;

(j) Awarding Plaintiff Lopez damages for the amount of unpaid overtime compensation and spread of hours' compensation, and for any improper deductions or credits taken against wages as applicable;

(k) Awarding Plaintiff Lopez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Lopez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL §663 as applicable; and liquidated damages pursuant to NYLL §198(3);

(m) Awarding Plaintiff Lopez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Lopez equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial;

(o). Awarding Plaintiff Lopez punitive damages to deter similar unlawful acts by Defendants;

(p) Awarding Plaintiff Lopez and the FLSA Class members the expenses incurred in this action, including costs and attorney's fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lopez demands a trial by jury on all issues triable by a jury.

Dated: August 16, 2020

    Garden City, New York           FRANKLIN, GRINGER & COHEN, P.C.

By: _/s/ J. Patel_____
Jasmine Y. Patel, Esq.
666 Old Country Road, Suite 202
Garden City, New York 11530
Telephone: (516) 228-3131
Facsimile: (516) 228-3136
*Attorneys for Plaintiff*